FILED

DEC 3 1 2018

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

EDWARD THOMAS KENNEDY,                      )
                                            )
            Plaintiff,                      )
                                            )
      v.                                    )   Civil Action No.  18-2758 (UNA)
                                            )
UNITED STATES DISTRICT COURT FOR THE        )
SOUTHERN DISTRICT OF NEW YORK, *et al.*,    )
                                            )
            Defendants.                     )

## MEMORANDUM OPINION

The plaintiff's claims purportedly arose "in Transfer Order, case 18-cv-4274 (CM), ECF document 5, filed 06/25/2018," Compl. ¶ 4, in the United States District Court for the Southern District of New York.  The order to which the plaintiff refers transferred his case from the Southern District of New York to the Middle District of Pennsylvania.  *See Kennedy v. Borough of Minersville*, Civ. No. 1:18-cv-2474 (S.D.N.Y. June 25, 2018).  The plaintiff sues the presiding judge and the court itself, Compl. ¶¶ 3-4, for various injuries for which the plaintiff demands monetary damages, *see id.* ¶¶ 13-14, and other relief.

Judge McMahon enjoys absolute immunity from liability for damages for acts taken in her judicial capacity.  *See Mirales v. Waco*, 502 U.S. 9 (1991) (finding that "judicial immunity is an immunity from suit, not just from ultimate assessment of damages"); *Stump v. Sparkman*, 435 U.S. 349, 364 (1978) (concluding that state judge was "immune from damages liability even if his [decision] was in error").  Absent any showing by plaintiff that the judge's "actions [were] taken in the complete absence of all jurisdiction," *Sindram v. Suda*, 986 F.2d 1459, 1460 (D.C. Cir. 1993) (citation omitted), she is "immune from damage suits for performance of tasks that are an integral part of the judicial process," *id.* at 1461 (citations omitted).

Plaintiff also seeks a "declaratory judgment" that defendants acted "arbitrarily and capriciously" and a permanent injunction barring defendants from "interfering in any way with [his] lawful rights." Compl. ¶¶ 49, 52. His complaint, nevertheless, fails to comply with Rule 8(a) of the Federal Rules of Civil Procedure. *See Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987) (holding that, although *pro se* litigants are held to less stringent standards, they must comply with the Federal Rules of Civil Procedure). Rule 8(a) requires that a complaint contain a short and plain statement of the grounds upon which the Court's jurisdiction depends, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief the pleader seeks. Fed. R. Civ. P. 8(a). The purpose of the minimum standard of Rule 8 is to give fair notice to the defendants of the claims being asserted to allow defendants to prepare a responsive answer, to prepare an adequate defense, and to determine whether the doctrine of res judicata applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1997). Here, Plaintiff has failed to plead any factual allegations substantiating his entitlement to a declaratory judgment and injunctive relief.

Accordingly, the Court will grant the plaintiff's application to proceed *in forma pauperis* and will dismiss the complaint. An Order consistent with this Memorandum Opinion is issued separately.

DATE: December 31, 2018

United States District Judge